UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EDWARD MAURICE TYLER, | ) ) ) | |
| Movant, | ) ) | |
| v. | ) ) | CR417-208 |
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Edward Maurice Tyler pleaded guilty to one count of possession of a quantity of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* doc. 477 at 1 (Judgment). He was sentenced to 168 months of incarceration and a three-year term of supervised release. *See id.* at 2-3. He did not appeal. *See generally* docket; *see also* doc. 1002 at 2. He filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 1002. Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 1002. He also moved for appointed counsel, doc. 1003, and to conduct discovery, doc. 1004. As explained below, his Motion to appoint counsel is **DENIED**.

1

Doc. 1003. If the District Judge adopts the undersigned's recommendation that Tyler's § 2255 Motion be denied, his Motion to conduct discovery should be **DISMISSED** as moot. Doc. 1004.

Tyler's Motion seeks appointed counsel "to investigate and review" alleged, but unspecified, "misconduct" by former Assistant United States Attorney Noah Abrams. *See* doc. 1003 at 1. He also asserts that counsel should be appointed pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings. *See id.* at 3. There is no constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (there is no constitutional right to counsel when collaterally attacking a conviction or sentence); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). The Court *may* appoint counsel, pursuant to 18 U.S.C. § 3006A(a)(2)(B), for indigent movants seeking § 2255 relief, at the Court's discretion. *See id.* ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Appointment of counsel is appropriate only in

"exceptional circumstances," *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992), where appointment is "necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted); DONALD E. WILKES, JR., *Federal Postconviction Remedies & Relief* § 2.2 (July 2020) ("Except in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," counsel need not be appointed). This case does not present any such circumstances. Finally, as discussed below, Tyler's Motion seeking to conduct discovery should be denied. Thus, appointment of counsel pursuant to Rule 6(a) is not implicated. Accordingly, Tyler's Motion to Appoint Counsel is **DENIED**. Doc. 1003.

Tyler's Motion asserts one ground for relief. *See* doc. 1002 at 4. He asserts that Assistant United States Attorney Noah Abrams committed unspecified "prosecutorial misconduct." *See id.* He alleges that Abrams "was officially dismissed as an Assistant United States Attorney for prosecutorial misconduct in the Illegal [and] unethical criminal prosecution of Eugene Allen v. United States, case no. CR417-208." *Id.* Based on the unspecified "misconduct," Tyler asserts that he would not have pleaded guilty and would have proceeded to trial. *Id.*

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since Tyler did not appeal his conviction, the judgment became final on October 30, 2018, when the time for filing an appeal expired. *See* doc. 477 (Judgment entered October 16, 2018); Fed. R. App. P. 4(b)(1)(A)(i); *see also, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). He, therefore, had until October 30, 2019, to file his § 2255 motion, pursuant to § 2255(f)(1). The instant Motion is, therefore, years out-of-time, under § 2255(f)(1).

Tyler's Motion implicitly concedes that it is untimely under § 2255(f)(1) but asserts that it is timely under § 2255(f)(4). *See* doc. 1002 at 11. His initial assertion is wholly conclusory. *Id.* ("The Facts supporting the claim presented could not have been discovered through

4

the exercise of due diligence pursuant to 28 U.S.C. § 2255(4) [sic]." (emphasis in original)). As this Court has recently explained, "[i]n order for § 2255(f)(4) to apply, [movant] needs to point to newly discovered evidence and show he exercised due diligence." *King v. United States*, 2024 WL 3435256, at *3 (S.D. Ga. June 24, 2024). Tyler's failure to even suggest the nature of the alleged "misconduct" precludes any meaningful consideration of whether it was discoverable by reasonable diligence within a year prior to his filing the instant Motion.[1] *See, e.g., Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002).

Even if Tyler's motion is untimely under § 2255(f), it might still be viable if he could establish either that he is entitled to equitable tolling

---

[1] Tyler's failure to plead sufficient facts to support the application of § 2255(f)(4)'s extended deadline is clear. However, even if the Court considered statements in his other pleadings to inform those allegations, the conclusion only becomes clearer. Tyler has attached a document to his Motion, which is titled "Ex. A." *See* doc. 1002 at 13. The provenance of that document is entirely opaque. Its contents assert that "[t]he allegations against former Assistant U.S. Attorney Noah Abrams, leading to his dismissal from the Southern District of Georgia, involved multiple cases of prosecutorial misconduct." *Id.* It also alleges, without any explanation, that this case and another criminal prosecution in this District, "highlighted severe lapses in prosecutorial integrity and led to broader scrutiny and eventual action against Abrams." *Id.* While the document identifies cases in this Court in which Abrams appeared, it does not even hint at the nature of the alleged "misconduct." The Court has been unable to identify the source of the document submitted as "Ex. A," so it cannot afford those allegations any more weight that the allegations asserted in the Motion itself. Tyler's request to conduct discovery indicates that "on June 7, 2024, [he] became aware of the 'FACTS' that AUSA Noah Abrams was "Dismissed as an assistant United States Attorney . . . for prosecutorial misconduct." Doc. 1004 at 1-2 (citing *Larry v. Abrams*, CV423-172 (S.D. Ga. 2024)). *Larry v. Abrams* was filed on

or that his claim asserts he is "actually innocent." *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013)) ("[A] showing of actual innocence provides an exception to the time-bar under [the Antiterrorism and Effective Death Penalty Act]."). It is the movant's burden to establish either actual innocence or the appropriateness of equitable tolling. *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) ("The movant bears the burden of establishing his entitlement to equitable tolling."); *Isley v. United States*, 2011 WL 6955882, at *5 (N.D. Ga. Sept. 22, 2011) (citing *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005)) ("It is the Movant's burden to demonstrate actual innocence."). Tyler does not assert, and the Court cannot discern, any argument that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 623-24

---

June 26, 2023 and alleged Abrams' misconduct in his capacity as a state prosecutor during Larry's prosecution in 2014-2016. CV423-172, doc. 1 at 5-10 (S.D. Ga. June 26, 2023). It is unclear why Tyler contends he could not discover those facts until months after the case was dismissed. *See Larry v. Abrams*, 4:23-cv-172, doc. 16 (S.D. Ga. Mar. 22, 2024) (order dismissing case). Nor is it clear why the discovery of allegations of Abrams' misconduct as a state prosecutor implicates misconduct in Tyler's prosecution. There is simply nothing in the record of *Larry v. Abrams* that suggests, as Tyler alleges, that Abrams was "dismissed" by the United States Attorney's Office. The sum total of Tyler's pleadings, therefore, amounts to nothing more than the incessant repetition of his wholly conclusory allegation of "misconduct." The conclusory allegation, no mater how often repeated, does not discharge Tyler's burden to allege facts supporting the application of § 2255(f)(4).

6

(1998) (" 'actual innocence' means factual innocence, not mere legal insufficiency."); *see also, e.g.,* doc. 813 at 25 (transcript of Rule 11 hearing).[2] The Court, therefore, proceeds to consider whether he has asserted any basis for equitable tolling.

In rare circumstances, the statute of limitations "can be equitably tolled where a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)); *Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). Tyler's failure to identify any extraordinary circumstance which prevented him from timely filing is clearly insufficient to bear his burden to show that he is entitled to equitable tolling.

---

[2] The Court: In your own words, Mr. Tyler, tell me what you did insofar as the charge made against you in Count 3 of the indictment.
The Defendant: I sold drugs, Your Honor.
The Court: Well, what drugs did you sell?
The Defendant: Cocaine.
The Court: And did you—did you sell that cocaine with the –I'm assuming with the intent to distribute it?
The Defendant: Yes, sir.

7

Since Tyler's Motion is untimely, and he does not establish any exception to the one-year statute of limitations, it should be **DENIED**, doc. 1002, and civil action CV424-189 should be **DISMISSED** in its entirety. If the District Judge adopts this recommendation, Tyler's request for discovery should be **DISMISSED** as moot.[3]  Doc. 1004.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

---

[3] Even if the request were not moot because Tyler's § 2255 Motion is untimely, it would still be denied. As the Eleventh Circuit has explained "habeas petitioners are not entitled to discovery as a matter of ordinary course." *Ochoa v. United States*, 45 F.4th 1293, 1301 (11th Cir. 2022) (internal quotation marks and citations omitted). It has recognized that where, as here, the "request for discovery . . . lacked specific allegations, relying instead on assumptions and conjecture," the motion was properly denied. *Id.* "In sum, a habeas case is not a vehicle for a so-called fishing expedition via discovery, in effort to find evidence to support a claim." *Id.* (internal quotation marks and citation omitted).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of August, 2024.

                                                                */s/ Christopher L. Ray*
                                                           CHRISTOPHER L. RAY
                                                           UNITED STATES MAGISTRATE JUDGE
                                                           SOUTHERN DISTRICT OF GEORGIA